IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IBRAHIMA TOURE

    *Plaintiff,*

  v.                        No. 1:21-cv-01722-SB

AUTO EQUITY LOANS OF DE, LLC

    *Defendant.*

---

Mark M. Billion, BILLION LAW, Wilmington, Delaware.

                                                  *Counsel for Plaintiff.*

Stephen Anthony Spence, BAIRD MANDALAS BROCKSTEDT LLC, Lewes, Delaware.

                                               *Counsel for Defendant.*

---

**MEMORANDUM OPINION**

July 22, 2022

BIBAS, *Circuit Judge*, sitting by designation.

When parties agree to arbitrate a dispute, they cannot later pluck out parts of that dispute for a court to resolve. Because both sides here agree they must arbitrate, I cannot resolve their choice-of-law question.

Ibrahima Toure bought a car with a loan from Auto Equity Loans. D.I. 1 ¶ 7. That loan was extreme: Auto Equity charged Toure 121% interest. *Id.* ¶ 8; D.I. 4-2, at 1. And when he fell behind on his payments, it repossessed his car. D.I. 1 ¶¶ 10-11.

Toure was upset. Auto Equity's astronomical interest rate, he thought, violated Pennsylvania's ban on usury. *Id.* ¶¶ 20–22. So he sued in Pennsylvania district court.

But, Auto Equity countered, Toure had agreed to arbitrate in Delaware. D.I. 4-2, at 4. And after taking a second look at his loan agreement, Toure concurred. D.I. 5, at 1. Because the Pennsylvania court could not kick the case to a Delaware arbitrator, that court sent it to me instead. D.I. 15, at 1 n.2 (citing *Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3d Cir. 1974)).

The parties still agree that their dispute belongs in arbitration. D.I. 26, at 1. But before I send it there, Toure asks me to settle which state's usury laws will apply: Pennsylvania's or Delaware's. *Id.* To answer that, I would need to interpret a Delaware choice-of-law provision in the loan agreement. *See* D.I. 4-2, at 3.

But I cannot do so. Absent "a specific challenge to [the] delegation provision, [I] must treat that provision as valid and enforce it." *MacDonald v. CashCall, Inc*, 883 F.3d 220, 227 (3d Cir. 2018). Here, neither party makes any such challenge. So I must stay proceedings in this court and compel arbitration. 9 U.S.C. §§ 3, 4.

In response, Toure points to a Third Circuit case that conducted a choice-of-law analysis when deciding whether to compel arbitration. *See* D.I. 26, at 1 (discussing *Kaneff v. Del. Title Loans, Inc.*, 587 F.3d 616 (3d Cir. 2009)). But in *Kaneff*, a party had challenged the arbitration provision itself. *Kaneff*. 587 F.3d at 621. Thus the court had to decide which law applied to know whether the dispute was arbitrable at all. *Id.* Here, the parties agree it is. So I may only stay this case and compel arbitration.